## STATE OF FLORIDA v DUNN
### Case No. 61170/1/2/3-PH
County Court, Volusia County

February 8, 1988

### APPEARANCES OF COUNSEL

**Rosemary Calhoun,** Assistant State Attorney, for plaintiff.

**Lawrence J. Nixon** for defendant.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS MATTER having come before the Court on January 14, 1988

on Defendant's Motion to Suppress and the Court having heard testimony therein, finds as follows:

The defendant was evidently arrested and charged with driving under the influence of alcoholic beverages and two counts of driving while license suspended or revoked and the civil infraction of unlawful speed. Sergeant Larry Humm of the Volusia County Sheriff's Department testified that there was an arrest as revealed by a sworn complaint. Sergeant Humm truthfully testified he had no present recollection of the arrest. In fact his first memory of the incident occurs after the defendant was in custody. The complaint was completed approximately one hour after the arrest.

The complaint in the court file, with regard to pre-custody occurrences, indicates that Sergeant Humm observed the defendant driving a vehicle. The specific driving was described along with specific observations of the defendant and descriptions of field sobriety tests. The court file also indicates that defendant refused to submit to a chemical test to determine his blood alcohol content and to video taped field sobriety tests.

The elements of driving under the influence are as follows:

1. (Defendant) (drove) . . . a vehicle in Florida.

2a. That at the time he (drove) . . . he was under the influence of (alcoholic beverages) . . . when affected to the extent that his normal faculties were impaired or

2b. That at the time he (drove) . . . he had a blood alcohol level of 0.10 percent or above.

It is clear that the state cannot prove D.U.I. under the 2b theory without a chemical test. There also appears, absent any video taped field sobriety tests, little or no way for the state to prove D.U.I. under the impairment theory absent Segeant Humm's descriptions of the defendant's driving, defendant's physical appearance and actions subsequent to the stop, and the pre-arrest field sobriety tests in the sworn complaint. It is thus clear that the state will be relying totally or almost totally on the admission of the sworn complaint as a past recollection recorded exception to the hearsay rule to prove all of the elements of D.U.I.

It is clear that even though evidence is generally admissible as an exception to the hearsay rule it may actually not be admissible because it violates either a Sixth Amendment right of a criminal defendant to confront witnesses or because it violates a criminal defendant's due process rights under the Fourteenth Amendment. Apparently consider-

ations are the availability of the witness, the reliability of the evidence, and whether the statement is subject to cross examination.

Sergeant Humm is in effect unavailable due to his lack of memory. See § 90.804(1)(c) *Fla. Stat* (1985). The only reliability of the evidence sought to be admitted in the instant case comes from any trustworthiness that can be attributed to it based on the required predicate for its admission. Sergeant Humm would not be subject to cross examination due to his lack of memory. The defense would have no way to test Sergeant Humm's perception, memory, sincerity or accuracy of his description of the events. For analogous case samples, see *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) and *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

The above and foregoing considerations would also apply to the other charges in the instant case.

It is THEREFORE, considered;

ORDERED and ADJUDGED that Defendant's Motion to Suppress is granted.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 8th day of February, 1988.